# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **SONYA HILL,** | ) |
| | ) |
| Plaintiff, | ) Case No. 1:22CV00004 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **KHAMIDILLO ABDUMUXTOROV, ET AL.,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendants. | ) |

*Mark T. Hurt, THE LAW OFFICES OF MARK T. HURT, Abingdon, Virginia, for Plaintiff; Lindsey A. Lewis and Elena Patarinski, FRANKLIN & PROKOPIK, P.C., Richmond, Virginia, for Defendants.*

This civil action was removed from state court. The plaintiff has moved to remand the case. For the reasons that follow, I find that the case must be remanded to state court.

I.

The plaintiff asserts a state-law tort claim for injuries arising from a motor vehicle accident alleged to have been caused by the negligence of a tractor-trailer driver. The plaintiff sues four defendants: Khamidillo Abdumuxtorov, the alleged tractor-trailer driver and a citizen of North Carolina; Asirdin Bozorov, the alleged owner of the tractor-trailer, whose citizenship is unclear from the Complaint but whose address is in Illinois; Global Transport LLC, a Virginia limited liability company with its principal place of business in Harrisonburg, Virginia; and Global

Transportation, LLC, a Colorado limited liability company with its principal place of business in Denver, Colorado. The plaintiff alleges that at the time of the accident, defendant Abdumuxtorov was an employee or agent or apparent agent of Global Transportation, Global Transport, "and/or" Bozorov and was acting within the scope of his employment "and/or" agency. Compl. ¶ 13, ECF No. 11.

The plaintiff filed this case in the Circuit Court for Smyth County, Virginia. The action was timely removed to this court by the defendants Abdumuxtrovov and Bozorov based on diversity of citizenship and amount in controversy. 28 U.S.C. § 1332.[1] In the Notice of and Petition for Removal (Notice), the removing defendants state that the plaintiff is a citizen of West Virginia; Abdumuxtorov is a citizen of North Carolina; Bozorov is a citizen of Illinois; Global Transportation, LLC (Global Transportation) is a Colorado limited liability company consisting of one member, a natural person who is a citizen of Colorado; and Global Transport, LLC (Global Transport) is "a business entity organized and existing under the laws of the Commonwealth in Virginia with its headquarters located in the Commonwealth of Virginia." Notice ¶¶ 8–12, ECF No. 1.

---

[1] The Notice states that Global Transportation consents to removal and that although Global Transport has not entered an appearance in the case, it "has advised that it consents to removal." Notice ¶¶ 11, 12 nn.1, 2, ECF No. 1.

The defendants contend that the action is removable because Global Transport is a fraudulently joined. Attached to the Notice is the Police Crash Report regarding the underlying accident. The Police Crash Report lists the name of the defendant driver's carrier as "Global Transport LLC," but it indicates that the carrier's address is in Denver, Colorado. *Id.* ¶ 19; *id.* at Ex. 3. The defendants assert that the listed U.S. Department of Transportation (DOT) number is that of Global Transportation.

The plaintiff has moved to remand the case on the grounds that the forum defendant rule prohibits removal and that the defendants have failed to meet their burden in establishing fraudulent joinder.

The Motion to Remand has been fully briefed, argued, and is ripe for decision.

## II.

A defendant "may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The second part of this rule is known as the forum defendant rule, which prevents removal pursuant to diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Notably, courts are "obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated. Therefore, if federal jurisdiction is doubtful, a remand to state court is

necessary." *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (internal quotation marks, citations and alterations omitted).

Fraudulent joinder is a doctrine that provides an exception to the complete diversity requirement and forum defendant rule. It allows the federal court to disregard nondiverse parties in the state court action at the time of removal. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). A defendant alleging fraudulent joinder bears a heavy burden. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The defendant must show either that (1) "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court" or that (2) "there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks and citation omitted).

Here, the defendants do not allege outright fraud. Rather, the dispute centers on whether there is no possibility that the plaintiff will be able to establish a cause of action against Global Transport, the alleged home-state defendant.

As an initial matter, I note that the Notice fails to allege Global Transport's citizenship. It merely states that Global Transport was organized under the laws of the Commonwealth of Virginia with its headquarters located in Virginia.[2] The

---

[2] The Complaint is also not instructive in that it alleges only that Global Transport is a Virginia limited liability company with its principal place of business in Harrisonburg, Virginia.

citizenship of a limited liability company is determined not by its state of organization or principal place of business, but by the citizenship of each of its members. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Consequently, it is impossible for the court to determine if the forum defendant rule actually is applicable, or if the parties otherwise lack complete diversity, because there is no allegation as to the citizenship of Global Transport's member or members.[3] However, because the defendants assert that Global Transport is a sham defendant and both the present defendants and the plaintiff seemingly concede that absent fraudulent joinder, the forum defendant rule would preclude federal court jurisdiction, I need not decided the issue on this ground.

Accordingly, I turn to whether the removing defendants have sufficiently established the "no possibility" prong of the fraudulent joinder test. "[J]oinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability . . . ." *Riverdale Baptist Church v. CertainTeed Corp.*, 349 F. Supp. 2d. 943, 948 (D. Md. 2004) (internal quotation marks, citation and alterations omitted). At least one court in this circuit has

---

[3] A defendant wishing to remove an action to federal court must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

interpreted the "no possibility" standard as meaning "'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) (quoting *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004)). "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232. "Any shades of gray are resolved in favor of remand." *Adkins ex rel. Adkins v. Consolidation Coal Co.*, 856 F. Supp. 2d 817, 820 (S.D. W. Va. 2012).

It is not pellucid as to what facts a district court may consider when fraudulent joinder is asserted. The Fourth Circuit has stated that courts are "not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *Aids Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted). This has been referred to as a "watered-down summary judgment analysis." *Garver v. Holbrook*, 546 F. Supp. 3d 465, 472 (E.D. Va. 2021).

However, as some courts have recognized, the cases in which the Fourth Circuit considered the entire record involved an attempt to add a non-diverse defendant *after* removal. *Allard v. Laroya*, 163 F. Supp. 3d 309, 312 (E.D. Va. 2016)

(citing Fourth Circuit cases); *Cardoza v. Med. Device Bus. Servs., Inc.*, 389 F. Supp. 3d 399, 409 (W.D. Va. 2019) (noting that where a plaintiff named a nondiverse defendant in its initial complaint in state court, the jurisdictional inquiry is "more stringent and more favorable toward remand"); *McDonald v. Altice Tech. Servs. U.S. Corp.*, No. 2:19-cv-00784, 2020 WL 5665795, at *4 n.5 (S.D. W. Va. Sept. 23, 2020) (explaining that in the Fourth Circuit's recent fraudulent joinder opinions, it did not cite to the standard allowing the court to consider the entire record).

The principle that the court should not consider documents beyond the pleadings when the plaintiff names the alleged non-diverse defendant in the initial complaint might result in remand in this case since the plaintiff alleges in the Complaint that the defendant driver, Abdumuxtorov, was acting as an employee or agent or apparent agent of Global Transport, LLC at the time of the accident.[4] If this fact is proven, there is a possibility that defendant Global Transport will be found liable under Virginia law. *See, e.g.*, *Sanchez v. Medicorp Health Sys.*, 618 S.E.2d 331, 334 (Va. 2005) ("In Virginia, the doctrine of *respondeat superior* imposes tort

---

[4] In Global Transportation's Answer, originally filed in state court, it conceded that Abdumuxtorov was a "leased driver" for it. Answer ¶ 13, ECF No. 11. Abdumuxtorov also stated that he was a leased driver for Global Transportation and denied the remaining allegations regarding employment and agency in his state court Answer. Although served, Global Transport has not answered the Complaint or otherwise made an appearance to deny its relationship to Abdumuxtorov. I do not find that the filed Answers alone show that there is no possibility of an employment relationship between the defendant driver and Global Transport.

liability on an employer for the negligent acts of its employees, *i.e.*, its servants, but not for the negligent acts of an independent contractor.").

I recognize that the plaintiff's allegations regarding the employment relationship likely do not satisfy the federal pleading standard, in that the plaintiff does not allege that Global Transport — or any of the other named defendants, for that matter — plausibly exercised control over Abdumuxtorov's conduct or acted in a way that establishes an employment relationship beyond speculation. *See McCann v. Everette*, No. 3:21cv69, 2021 WL 1951130, at *6–7 (E.D. Va. May 14, 2021). This is especially true considering the alternative nature of the plaintiff's pleading — that the defendant driver was the employee or agent or apparent agent of Global Transportation, Global Transport, "and/or" Bozorov. Compl. ¶ 13, ECF No. 11. However, I need not decide the Motion to Remand on this ground, as the standard for fraudulent joinder is "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [even the old possibility, pre-plausibility standard of] Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424; *Allard*, 163 F. Supp. 3d at 311 n.2. I cannot say that there is no possibility the plaintiff will prevail against the home-state defendant Global Transport in state court. *Cf. Flores v. Ethicon, Inc.*, 563 F. App'x 266, 270 (4th Cir. 2014) (unpublished) (discussing California's fact

pleading standard and finding that there was no possibility that a complaint could prevail as pled under California's pleading standards).[5]

Furthermore, I need not actually resolve whether a review of other documents beyond the pleadings is appropriate because even taking a hard look at the entire record, the removing defendants cannot meet the burden to establish fraudulent joinder. The only evidence in the record is the Police Crash Report, which lists the carrier as "Global Transport LLC." Notice Ex. 3, ECF No. 1-3. While I am sympathetic to the argument that the listed DOT number and Colorado address may indicate that the listed reference to the Virginia LLC is a misnomer or that the listed name is merely an abbreviation for the Colorado company, this evidence indicates that there is a "[a] glimmer of hope for the plaintiff," even if it is "only a slight possibility of a right to relief." *Hartley*, 187 F.3d at 426. Thus, even though the "no possibility" standard need not be applied literally where a complaint is inadequate, this is not a situation in which the record is "so entirely lacking in factual support that [I] can only reasonably conclude that the non-diverse defendants were added to

---

[5] The Supreme Court of Virginia has stated, "Even though a complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer." *Assurance Data, Inc. v. Malyevac*, 747 S.E.2d 804, 808 (Va. 2013) (internal citation and alterations omitted); *see also Doe ex rel. Doe v. Baker*, 857 S.E.2d 573, 644–45, 647–48 (Va. 2021) (determining that the allegation that a defendant was an "agent, volunteer, and/or employee" of an entity at the time he allegedly committed a tort sufficient to withstand demurrer on a negligent hiring and retention claim and vicarious liability claims).

defeat jurisdiction." *Flores*, 563 F. App'x at 269. Rather, the record evidences a shade of gray and creates some doubt that requires remand.[6]

Finally, I highlight that this case is distinguishable from two of the cases on which the removing defendants rely: *Quimby v. Stevens*, No. 2:19-CV-2181 JCM (NJK), 2020 WL 8881371 (D. Nev. Feb. 5, 2020), and *Perez v. Penske Logistics, LLC*, No. 5:20-cv-05591, 2021 WL 3661017 (E.D. Pa. Aug. 17, 2021). In those cases, the defendants submitted evidentiary support that outlined the pertinent defendants' lack of involvement. *Quimby*, 2020 WL 8881371, at * 3 (finding that the defendants had "borne their burden to show fraudulent joinder by clear and convincing evidence"); *Perez*, 2021 WL 3661017, at *6–7 ("[T]he allegations against [the defendants] are made solely in the collective and do not carry any reasonable inference of Penske Pennsylvania's involvement, *especially in light of Hansen's affidavit. . . . Based on Hansen's declaration of noninvolvement*, recovery from Penske Pennsylvania is a clear legal impossibility." (emphasis added) (internal quotation marks and citations omitted)). Here, there is no declaration from Global Transport, or even an appearance of any sort, denying its involvement in this accident. The defendant driver has submitted no declaration evidencing a lack of relationship to Global Transport. There is no declaration from the law enforcement

---

[6] The removing defendants also assert that Global Transport is an inactive company. I do not find this point persuasive as there is no indication that Global Transport was inactive at the time of the accident.

officer who responded to the accident and completed the Police Crash Report. The Police Crash Report does not definitively establish Global Transport's lack of involvement. All in all, even when taking a hard look at the record, the removing defendants have not satisfied their burden to show fraudulent joinder.

### III.

For the foregoing reasons, the court concludes that it lacks diversity subject-matter jurisdiction in this case. It will therefore grant the plaintiff's Motion to Remand, ECF No. 14. The defendants' Motions to Dismiss, ECF Nos. 7, 9, will be denied as moot.

A separate Order will be entered herewith.

ENTER: May 26, 2022

/s/  JAMES P. JONES
Senior United States District Judge